# Report and Recommendation Upon Referral of an Inquest to Magistrate Judge Brown

Case Name and Docket Number: ***Marquez v. La Fonda de Don Juan, Inc.***, No. 14-CV-6114 (JFB)(GRB).

*Procedural Background*

Plaintiff Maria Marquez commenced this action against defendants La Fonda de Don Juan, Inc., Juan F. Mendoza, individually, and Marta Julia Mendoza, individually, by filing a complaint on October 18, 2014. Compl., Docket Entry ("DE") 1. The complaint alleges failure to pay overtime violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), notice and record keeping violation under NYLL, and failure to pay minimum wage under the FLSA and NYLL. *Id.* at ¶¶ 48-74. On September 22, 2015, Judge Bianco ordered a default judgment and referred to the undersigned for report and recommendation on the issue of damages. Order dated Sept. 22, 2015; DE 15.

The undersigned held an inquest hearing on December 11, 2015, whereby plaintiff and his counsel were present. DE 17. Plaintiff submitted a wage statement as an exhibit. *Id.* The undersigned directed plaintiff's counsel to serve and file plaintiff's affidavit along with any further supporting papers on damages, and a copy of this order on defendants. *Id.* On January 11, 2016, plaintiff filed a declaration by plaintiff in support of her damages, a declaration by plaintiff's counsel in support of his application for attorney's fees, along with a copy of counsel's retainer agreement, and a spreadsheet of the calculation of damages. DE 19.

*Damages*

"Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages." *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009). To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 ADS GRB, 2014 WL 4537501, at *4 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). Based upon ☑ a hearing and ☑ a review of affidavits and other documentary evidence, I find that plaintiff has established damages in the following amount(s):

☑ Principal Damages [DE 19]
1. FLSA and NYLL Overtime wages: $79,995.00[1]
2. NYLL Spread-of-hours pay: $8,017.50[2]
3. NYLL Liquidated damages: $65,194.50[3]

---

[1] "In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimation of hours worked are presumed to be correct." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011); *accord Becerra v. Well Maid Cleaning Enterprises, Inc.*, No. CV-14-3147 JFB AYS, 2015 WL 5009274, at *5 (E.D.N.Y. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 7573214 (E.D.N.Y. Nov. 24, 2015). Plaintiff submitted a declaration regarding the recollection and estimation of hours worked, which are presumed correct. DE 19-1; *see also* DE 19 at Ex. B.

[2] "The NYLL spread-of-hours claim, for which there is no counterpart under the FLSA, provides that 'an employee is entitled to recover compensation for an extra hour's work at the minimum wage for each day that the employee works in excess of ten hours." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 45-46 (E.D.N.Y. 2015). Plaintiff has stated in her declaration that "[a]lthough I worked more than ten (10) hours per day, I was not paid an addition[al] hour at the minimum wage rate as 'spread of hours' pay." DE 19-1.

[3] Under NYLL, "[a]s the 100% liquidated damages amendment has been in effect since April 9, 2011, and it is generally recognized not be retroactive, any liquidated damages that a plaintiff may be entitled to after this date is calculated at 100% of the amount owed and any recover before that date shall be calculated at the original 25%

    4.   Wage Theft Prevention Act violation: $2,500.00[4]

| | |
|---|---|
| Total Principal Damages: | $ 155,707.00 |
| ☑ Attorneys' Fees, if authorized (see Appendix A) | $ 18,000.00 |
| ☑ Costs, if authorized (see Appendix A) | $ 625.00 |
| **TOTAL JUDGMENT:** | **$ 174,332.00** |

## Appendix A to Report and Recommendation Upon Referral of an Inquest: Attorneys' Fees and Costs

    Plaintiff's counsel requests a one-third contingency fee based on the retainer agreement that plaintiff executed with the law firm, which would presumably be deducted from plaintiff's recovery.  DE 19 at ¶ 3, Ex. A.  Under the FLSA, 29 U.S.C. § 216(b), and NYLL § 198, a prevailing plaintiff may recover reasonable attorneys' fees and costs.  *See Tackie v. Keff Enter. LLC*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *7 (S.D.N.Y. Sept. 16, 2014); *see also Gonsalez v. Marin*, No. 12-CV-1157 (ENV)(RML), 2014 WL 2514704, at *13 (E.D.N.Y. Apr. 25, 2014).  "District courts enjoy broad discretion when setting a fee award, but they must clearly and concisely state reasons supporting the award."  *Tackie*, 2014 WL 4626229, at *6 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014)).  In FLSA and NYLL cases, percentage awards are authorized where the parties submit a settlement agreement for the court's approval, *see, e.g.*, *Caprile v. Harabel Inc.*, No. 14 cv 636 (MHD), 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015); *Velasquez v. Safi-G, Inc.*, No. 15 cv 3068, 2015 WL 5915843, at *3 (S.D.N.Y. Oct. 7, 2015) (Pauley, J.), and in common fund cases, *see, e.g.*, *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 307 (E.D.N.Y. 2015).  In such cases, however, the court must review whether the percentage awards are reasonable under the circumstances by performing a cross-check of the proposed percentage award with the lodestar method.  *Flores*, 104 F. Supp. 3d at 308; *Velasquez*, 2015 WL 5911843, at *3.

    By contrast, in default judgment cases under the FLSA and NYLL, courts have awarded attorney's fees and costs—in addition to the principal damages—pursuant to the lodestar method.  *Rosendo v. Everbrighten, Inc.*, No. 13 Cv. 7256 (JGK), 2015 WL 4557147, at *7 (S.D.N.Y. July 27, 2015); *Fermin*, 93 F. Supp. 3d at 51; *Jaramillo v. Banana King Rest.*, No. 12-CV-5649 (NGG)(RML), 2014 WL 2993450, at *8-9 (E.D.N.Y. July 2, 2014); *Castellanos v. Deli Casagrande Corp.*, No. CV 11-245 (JFB)(AKT), 2013 WL 1207058, at *9 (E.D.N.Y. Mar. 7, 2013).  Normally, requests for attorney's fees and costs "must be accompanied by contemporaneous time records," *Fermin*, 93 F. Supp. 3d at 51; *Becerra v. Well Maid Cleaning Enter., Inc.*, No. 14-CV-3147 JFB)(AYS), 2015 WL 7573214, at *9 (E.D.N.Y. Nov. 24, 2015).  No such records were provided.  However, rather than prolong the resolution of this case, the undersigned hereby provides following estimate under the lodestar method based on results in highly similar cases:

---

amount owed."  *Fermin*, 93 F. Supp. 3d at 47.  Plaintiff requests liquidated damages at the 25% rate before April 9, 2011 for a total of $4,933.50, and liquidated damages at the 100% rate after April 9, 2011 for a total of $60,261.00.  *See* DE 19 at Ex. B.  Hence, the total liquidated damages requested under NYLL is $65,194.50.

[4] "The New York Wage Theft Prevention Act ("WTPA") amended the New York Labor Law to provide that an employee who is not provided a statement with each payment of wages listing, *inter alia,* the regular hourly rate of pay and the number of regular hours worked is entitled to damages of $100 per week up to $2,500.  *See id.* § 198(1–d). . . Since the amendment became effective on April 9, 2011, it applies to the entire term of plaintiff's employment."  *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. CV 2012-1264 CBA MDG, 2014 WL 1310296, at *8 (E.D.N.Y. Mar. 11, 2014), *report and recommendation adopted,* No. 12-CV-1264 CBA MDG, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014).

*Attorney's Fees*

| Provider Type | Presumptive Maximum Rate[5] | Estimated Rate | Estimated Hours[6] | Approved Fees |
|---|---|---|---|---|
| Partner Jose Santiago | $200-400[7] | $400 | 45 | **$18,000.00** |

*Costs*[8]

| Item (specify each) | |
|---|---|
| Filing Fee | $400.00 |
| Service of Process | $225.00 |
| **Total Costs and Fees** | **$625.00** |

*Objections*

      A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown                                          March 14, 2016

GARY R. BROWN, United States Magistrate Judge           Date

---

[5] The presumptive maximum rate is based upon current case law in the Eastern District of New York and the Second Circuit.

[6] *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. CV 2012-1264 CBA MDG, 2014 WL 1310296, at *12 (E.D.N.Y. Mar. 11, 2014) *report and recommendation adopted,* No. 12-CV-1264 CBA MDG, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014) (finding 56.8 hours reasonable where the court held an inquest hearing in the FLSA and NYLL case); *see also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306 (S.D.N.Y. 2014) (32.7 hours); *Musa v. Badero*, No. 14-CV-3600 (LDW) (GRB), DE 18 (recommending 45.3 hours).

[7] *Gesualdi v. Seacost Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 104 (E.D.N.Y. 2015).

[8] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees); *Pinzon v. Paul Lent Mech. Sys., Inc.*, No. CV 11-3384 DRH WDW, 2012 WL 4174725, at *6 (E.D.N.Y. Aug. 21, 2012), *report and recommendation adopted,* No. 11 CV 3384 DRH WDW, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012) (approving costs for filing fee of $350.00, process server fees of $225, and translator's fee of $750.00).