FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 07 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIA MARQUEZ,

                Plaintiff,

-against-

LA FONDA DE DON JUAN, INC., ET AL.,

                Defendants.
----------------------------------------------------------------X

ORDER
14-CV-6114 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Brown, advising the Court regarding the award of damages and attorney's fees. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated March 14, 2016, at 3.) The date for filing any objections has since expired, and defendants have not filed any objection to the R&R with this Court. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object

in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although defendants have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, it is hereby ordered that plaintiff is awarded damages in the amount of $79,995.00 for Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") overtime wages, damages in the amount of $8,017.50 for NYLL spread-of-hours pay, NYLL liquidated damages in the amount of $65,194.50, damages in the amount of $2,500 for violation of the Wage Theft Prevention Act, $18,000.00 for attorney's fees, and $625 for costs, amounting to a total judgment of $174,332.00. It is further ordered that the Clerk of the Court enter judgment accordingly. It is further ordered that plaintiff serve a copy of this Order on defendants.

SO ORDERED

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 7, 2016
Central Islip, New York